UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BOONE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SPECIALIZED LOAN SERVICING LLC,<br><br>    Defendant. | Case No. 15-cv-02224-DMR<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

Defendant Specialized Loan Servicing LLC ("SLS") moves the court to dismiss Plaintiffs Robert Boone and Lynn Robello's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [Docket No. 8.] The court finds that this matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). For the following reasons, Defendant's motion is denied.

## I. Background

Plaintiffs make the following allegations in their complaint, all of which are taken as true for purposes of this motion.[1] In May 2007, Plaintiffs refinanced their home, taking out a $396,000 loan secured by a deed of trust on their real property in Castro Valley, California ("the property") in favor of Countrywide Home Loans, Inc. (Compl. ¶ 9; Def.'s Req. for Judicial Notice in Supp. of Mot.[2] ("RJN"), Ex. 1 (deed of trust).) A notice of default was recorded against the property in

---

[1] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

[2] The court grants Defendant's request for judicial notice of Exhibits 1, 2, and 3, the deed of trust and notices of default recorded in connection with Plaintiff's loan. They are true and correct copies of official public records of the Alameda County Recorder's Office, and their authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b).

2008.  (RJN Ex. 2.)

In 2011, Defendant SLS became the servicer of Plaintiffs' loan.  (Compl. ¶ 9.) In September 2011, Plaintiffs contacted Defendant to request a loan modification.  Plaintiffs allege that after this conversation, they submitted a complete loan modification application to Defendant, but that this "began a frustrating process whereby Defendant would request that Plaintiffs resubmit countless documents in support of their loan modification application."  (Compl. ¶ 10.)  Plaintiffs allege they always complied with Defendant's "requests for additional and replacement documents," each time confirming Defendant's receipt of the documents.  (Compl. ¶ 10.)

In January 2013, having obtained no resolution on their loan modification application, Plaintiffs asked Defendant to assign a single point of contact to their account.  Plaintiffs allege that Defendant "purported to assign an individual named Mary as their single point of contact," but that they "were never able to reach Mary" and instead were "transferred to a new individual that was unable to provide them any information about their account" each time they contacted Defendant. (Compl. ¶ 11.)  Plaintiffs allege that from January 2013 to the date of filing their complaint (May 2015), they only spoke with Mary two times, and never spoke with any other individual Defendant representative more than twice.  (Compl. ¶ 11.)  During this time, Plaintiffs continued to submit materials in support of their loan modification application in response to Defendant's requests, but Defendant never made a determination on their application in 2013 and 2014.  (Compl. ¶ 11.)

On January 5, 2015, Defendant sent Plaintiffs a letter asking them to submit two additional documents in support of their application by January 21, 2015.  Plaintiffs submitted the requested documents by fax on January 20, 2015.  On January 21, 2015, Defendant sent Plaintiffs a letter indicating "receipt of the all [sic] required documents."  (Compl. ¶ 12.)  On the same day, January 21, 2015, a second notice of default was recorded against the property.  (Compl. ¶ 12; RJN Ex. 3 (2015 Notice of Default).)

On February 12, 2015, Defendant sent Plaintiffs a letter stating that "all documents had been received and their modification application was under review."  (Compl. ¶ 13.)  Two weeks later, on February 26, 2015, Defendant sent Plaintiffs a letter stating that their loan modification

1  application was "closed and that Plaintiffs had not been evaluated for any foreclosure alternatives
2  because Plaintiffs 'did not provide [Defendant] with the documents [they] requested.'" (Compl. ¶
3  14 (brackets in original).)  Defendant's letter did not provide appeal rights and did not identify the
4  documents it claimed that Plaintiffs had failed to provide.  (Compl. ¶ 14.)  Plaintiffs immediately
5  contacted Defendant and were told that "their application would not be reopened and that they
6  could not appeal the denial." (Compl. ¶ 15.)

7  Plaintiffs filed their complaint on May 18, 2015, alleging two claims against Defendant: 1)
8  violation of California Civil Code section 2923.6 and 2) violation of California Civil Code section
9  2923.7.  Defendant moves to dismiss.

## II. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint.  *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief."  *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted).  A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citation omitted).  In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

As a general rule, a court may not consider "any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion.  *Lee*, 250 F.3d at 688 (citation and quotation marks omitted).

1  However, "a court may take judicial notice of 'matters of public record,'" *Id.* at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III. Discussion

**A.  California Civil Code section 2923.6**

California Civil Code section 2923.6 prohibits certain entities from pursuing a foreclosure sale while a borrower's loan modification application is pending. This prohibited practice is known as dual tracking. Under the statute, "[i]f a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." Cal. Civ. Code § 2923.6(c). Specifically, "[a] mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs: (1) [t]he mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired; (2) [t]he borrower does not accept an offered first lien loan modification within 14 days of the offer; or (3) [t]he borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification." Cal. Civ. Code § 2923.6(c). "If the borrower's application for a first lien loan modification is denied, the borrower shall have at least 30 days from the date of the written denial to appeal the denial and to provide evidence that the mortgage servicer's determination was in error." Cal. Civ. Code § 2923.6(d).

Plaintiffs' dual tracking claim is based on their allegation that Defendant recorded a notice

4

1    of default on January 21, 2015, the day after Plaintiffs submitted a complete loan modification

2    application. Defendant argues that Plaintiffs' section 2923.6 claim should be dismissed because

3    Plaintiffs never submitted a "complete" loan modification application within the meaning of the

4    statute.

5          Section 2923.6(h) provides that an application is "deemed 'complete' when a borrower has

6    supplied the mortgage servicer with all documents required by the mortgage servicer within the

7    reasonable timeframes specified by the mortgage servicer." Cal Civ. Code § 2923.6(h).

8    According to Defendant, the complaint acknowledges that Defendant continued to request

9    additional documents, and Plaintiffs thereby admit that their application was incomplete.

10   Defendant also notes that it closed Plaintiffs' application on February 26, 2015 expressly because

11   Plaintiffs had failed to provide the documents requested. (*See* Compl. ¶¶ 11, 14.)

12         This ignores Plaintiffs' key allegations regarding their dual tracking claim. Plaintiffs

13   allege that they submitted the final two documents requested by Defendant on January 20, 2015,

14   which was within the January 21, 2015 timeframe specified by Defendant. Defendant then

15   confirmed receipt of those documents on January 21, 2015. Additionally, on February 12, 2015,

16   Defendant sent Plaintiffs a letter "stating that all documents had been received and their loan

17   modification application was under review." (Compl. ¶¶ 12, 13.) The statements in Defendant's

18   February 12, 2015 letter, taken with Plaintiffs' allegations that they timely submitted documents in

19   response to Defendant's last request, support the reasonable inference that Plaintiffs' application

20   was complete as of January 21, 2015, the date Defendant confirmed receipt of the final

21   documents.[2]

22         Defendant also argues that Plaintiffs' dual tracking claim fails because Defendant executed

---

[2] The statement in Defendant's February 26, 2015 letter closing Plaintiffs' application for failure to provide all requested documents contradicts Defendant's prior statement that the application was "under review." Defendant's own inconsistent statements to Plaintiffs cannot be used to defeat this claim at the pleading stage. *See, e.g., Barragan v. Deutsche Bank Nat'l Trust Co.*, No. CV 15-02614 DDP (FFMx), 2015 WL 3617104, at *7 (C.D. Cal. June 9, 2015) (finding statement that plaintiff had not submitted sufficient documentation in support of loan modification application "by an interested party [defendant servicer] is not enough by itself to conclusively show that Plaintiff cannot state a plausible claim for relief" under section 2923.6, where plaintiff alleged defendant "acknowledged receipt of the loan modification [sic]").

5

the notice of default on January 16, 2015, while the loan modification application was admittedly incomplete. (*See* RJN Ex. 3.) Therefore, according to Defendant, it took all actions related to the Notice of Default *prior* to Plaintiffs' alleged complete loan modification submissions. However, section 2923.6 provides that "a mortgage servicer . . . *shall not record* a notice of default" until it makes a determination on a borrower's complete application for a loan modification. Cal. Civ. Code § 2923.6(c) (emphasis added). By the plain language of the statute, only the date of recordation is relevant, and Defendant provides no authority supporting its position that it can avoid liability based on its earlier execution of the notice of default. The record undisputedly indicates that the notice of default was recorded on January 21, 2015, the same day Plaintiffs allege that they received confirmation that their application was complete. The court therefore finds that Plaintiffs have stated a plausible claim for violation of section 2923.6's prohibition of dual tracking.

### B. California Civil Code section 2923.7

The California legislature has enacted a "single point of contact" provision ("SPOC") in order "to prevent borrowers from being given the run-around." *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1151 (N.D. Cal. 2013) (citing *Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 904-05, (2013)). Specifically, Civil Code section 2923.7 provides that "[u]pon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." Cal. Civ. Code § 2923.7(a). Among other things, the SPOC must communicate "the process by which a borrower may apply for an available foreclosure prevention alternative" and any associated deadlines; coordinate "receipt of all documents associated with available foreclosure prevention alternatives," including notifying the borrower of any missing documents; and have "access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative." Cal. Civ. Code § 2923.7(b)(1)-(3).

Defendant makes two arguments in support of its motion to dismiss Plaintiffs' SPOC claim. First, it argues that the claim fails because Plaintiffs admit that Defendant established an

SPOC in January 2013 ("Mary"), and that they were able to contact her at least twice. Plaintiffs do not dispute that Defendant purported to assign them an SPOC; they challenge Defendant's failure to provide an "SPOC that could carry out the duties delineated by the statute." (Pls.' Opp'n 5.) Specifically, Plaintiffs allege that the individuals with whom they spoke "[were] unable to provide them any information about their account." (Compl. ¶ 11.) Therefore, since the individuals were not knowledgeable about their account, they failed to carry out the duties listed in the statute. The court finds that these allegations are sufficient to state a claim for violation of section 2923.7, since the statute requires an SPOC to "[h]av[e] access to current information . . . sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative" and "[c]oordinat[e] receipt of all documents associated with available foreclosure prevention alternatives." Cal. Civ. Code § 2923.7(b)(2), (3).

Defendant next argues that Plaintiffs' claim fails because a violation of section 2923.7 is only actionable if it is "material," citing California Civil Code section 2924.12. Section 2924.12 provides that "[i]f a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of" section 2923.7. Cal. Civ. Code § 2924.12(a)(1). Defendant's argument on this point is not clear. Defendant appears to contend that the alleged violation is not "material" within the meaning of section 2924.12 because the violation did not "result[] in some secondary loss or harm." However, Defendant does not cite any supporting authority.[3] (Def.'s Mot. 5.)

In response, Plaintiffs contend that "they were never given the option to be evaluated for a loan modification because of Defendant's failure to provide them a SPOC. Therefore, it is entirely possible that they would have received a favorable determination on their application if they had been provided with a remotely competent SPOC who would have ensured that they were considered for all foreclosure prevention alternatives." (Pls.' Opp'n 7.) In other words, Plaintiffs allege that Defendant's failure to comply with the SPOC statute deprived them of the opportunity

---

[3] Defendant also seems to conflate materiality with damages, arguing that Plaintiffs' damages stem from their own default, not any alleged failure by the SPOC. Again, Defendant does not cite any authority supporting this interpretation.

7

1  to obtain a loan modification. Construing Plaintiffs' allegations in the light most favorable to
2  Plaintiffs, *see Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008),
3  the court finds that Plaintiffs have pleaded a sufficiently material violation of section 2923.7 to
4  survive the motion to dismiss stage. *See, e.g., Segura v. Wells Fargo Bank, N.A.,* No. 14–04195,
5  2014 WL 4798890, at *7 (C.D. Cal. Sept. 26, 2014) (denying motion to dismiss section 2923.7
6  claim; stating "[t]he failure to assign a SPOC, and the alleged wrongful foreclosure, therefore,
7  deprived them of the opportunity to obtain the modification. Had [plaintiffs] obtained a
8  modification, they may have been able to keep their house and lower their mortgage payments. At
9  this stage, the Court cannot say that this alleged violation was not material."); *Salazar v. U.S. Bank*
10 *Nat'l Ass'n*, No. ED CV 14-514-GHK (DTBx), 2015 WL 1542908, at *7 (C.D. Cal. April 6, 2015)
11 ("it is plausible that [defendant's] failure to appoint a SPOC prevented [plaintiff] from submitting
12 a complete modification application and sufficient documentation of the material change in her
13 financial circumstances . . . it is plausible that the appointment of a SPOC would have prevented
14 Plaintiff from suffering the loss of her home").[4]

### IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated: July 29, 2015



Donna M. Ryu
United States Magistrate Judge

---

[4] Defendant argues that Plaintiffs' claim that they could have received a favorable loan modification determination had they been provided with a competent SPOC is speculative and insufficient, citing *Johnson v. PNC Mortgage*, No. C 14-02976 LB, 2014 WL 6629585, at *8 (N.D. Cal. Nov. 21, 2014). However, in *Johnson*, the court declined to consider whether the plaintiffs had alleged a "material" SPOC violation because it concluded they lacked standing to pursue an unfair business practices claim under California Business and Professions code section 17200 predicated on the SPOC statute. *Id*. *Johnson* does not bear on what constitutes a material violation of section 2923.7 and is therefore inapposite.